# CITY OF ST LOUIS v. MOSES HELLSCHER, Appellant.

### Division Two, August 28, 1922.

1. **INFORMATION: Violation of Ordinance: Duplicitous: No Motion to Elect.** The technical precision required in an information or indictment attempting to charge a crime is not required in an information charging the violation of a city ordinance; and the defect of charging several breaches of the ordinance is waived by the failure of defendant to ask that the city be required to elect upon which breach it will rely.

2. **ORDINANCE: Validity: Not Preserved.** If the ordinance, although introduced in evidence, is not preserved in the bill of exceptions, its validity will not be considered on appeal when it sufficiently appears that the information charges the commission of an offense prohibited by a city ordinance.

3. **FORTUNE TELLING: Admission: Distribution of Cards.** The distribution of cards by a defendant holding himself out as possessing supernatural powers constituted an admission that he was engaged in fortune-telling, and such cards are admissible as corroborative of testimony that he told the fortune of the prosecuting witnesses.

4. **WITNESSES: Examination: By Court.** Absent an abuse of discretion, a trial court may propound questions to a witness or suggest that counsel do so.

5. **FORTUNE TELLING: Freedom of Religion.** Freedom of religion is not abridged by prohibiting acts or practices inconsistent with the peace, good order or safety of the State.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Chauncey J. Kreuger,* Judge.

AFFIRMED.

*Robt. E. Collins* for appelllant.

(1) The testimony on the part of the city was wholly insufficient to support the finding of the jury and the

judgment of the court. State v. West, 157 Mo. 309; City of St. Louis v. Vaughan, 273 Mo. 582. (2) The information is wholly bad, in that it is vague, indefinite, duplicitous, and does not advise the defendant of what specific offense he is charged thereby. St. Louis v. Babcock, 156 Mo. 148; St. Louis v. Amelen, 235 Mo. 669. (3) The ordinance which the information claims the defendant violated is clearly invalid in that it undertakes to make the maintenance, display, posting or advertisement of any sign, card, bill or announcement of any kind whatever indicating the pursuit or practice of any such avocation or art aforesaid, etc., upon proof thereof, sufficient evidence, against the person charged, of a violation of the ordinance and for a conviction. Wharton on American Law, p. 494; 1 Wharton on Criminal Law, p. 28; Wautlau v. White, 19 Ind. 472; Vogt v. State, 124 Ind. 362; Railroad v. Payne, 33 Ark. 819; People v. Rose, 207 Ill. 361; State v. Thomas, 144 Ala. 77; Hammond v. State, 78 Ohio, 15. (4) The whole construction of the ordinance, together with the various terms used, show unquestionably and beyond a doubt the intention of making it a violation of the ordinance to pursue and follow the prohibited occupation as an avocation and a business, and that no one can violate the provisions of the ordinance unless he follow and pursue and practice those occupations or callings as a business and avocation. Semple v. Schwartz, 130 Mo. App. 65. (5) This ordinance, insofar at least as it prohibits or includes "spirit mediums" within its prohibition, is contrary to the provisions of Sec. 5, Art. 2, Mo. Constitution.

*Henry S. Caulfield, George F. Haid* and *Oliver Senti* for respondent.

(1) The fact that the prosecuting witness was a police-woman did not render her incompetent as a wit-

ness. Saucedo v. United States, 268 Fed. 820; Ramsey v. United States, 268 Fed. 825; Fiunken v. United States, 265 Fed. 1; Grimm v. United States, 156 U. S. 604; Commonwealth v. Baker, 155 Mass. 257; People v. Moelke, 94 N. Y. 137; State v. Jansen, 22 Kan. 498; State v. Stickney, 53 Kan. 308; State v. Lucas, 94 Mo. App. 119; State v. Quinn, 94 Mo. App. 59; State v. Quinn, 170 Mo. 176.    (2)   Where an information alleges several breaches of a section of a city ordinance the defect is waived, unless the defendant moves to compel the State to elect upon which breach of the section it will rely.  St. Louis v. Grafeman Dairy Co., 190 Mo. 492.  (3) Prosecutions by municipal corporations for the recovery of fines for the violation of city ordinances are regarded as civil actions in this State and the complaint need not be so framed as to meet the technical requirements of an indictment or information for a criminal offense against the laws of the State.  St. Louis v. Wetzel, 130 Mo. 600; City of Gallatin v. Tarwater, 143 Mo. 40.    (4)   Where an appeal is taken from a conviction for violating a city ordinance and the bill of exceptions does not contain the ordinance which it shows was introduced in evidence the appellant cannot attack the validity of the ordinance, if the information charges the commission of acts which the city has power to prohibit.  City of Plattsburg v. Smarr, 216 S. W. 538.    (5)   The appellant by causing the distribution of cards holding himself out as possessing supernatural powers, such as calling a person's name and speaking their language, admitted that he was engaged in telling fortunes, and such card is admissible in evidence as corroborative of the testimony that he told the fortune of the prosecuting witness.  Mayer v. State, 64 N. J. L. 324.    (6)   In the absence of any showing that the trial court abused its discretion it has a right to propound questions to a witness or even to suggest that counsel do so.  State v. Wilson, 152 Mo. App. 161.    (7)   Laws suppressing fortune-telling and like crafty arts have been uniformly enforced both in England and the United

States. Monck v. Hilton, 36 L. T. (N. S.) 66; Penny v. Hanson, 18 Q. B. Div. 478; Queen v. Entwistle, 1 Q. B. 846; State v. Neitzel, 69 Wash. 567; State v. Kenilworth, 69 N. J. L. 14; People v. Elmer, 109 Mich. 493; Fay v. Lambourne, 124 App. Div. (N. Y.) 245. (8) Freedom of religion is not abridged by prohibiting acts or practices inconsistent with the good order, peace or safety of the State, or with the rights of others. Sec. 5, Art. II, Mo. Constitution; Reynolds v. United States, 98 U. S. 145; State v. Meitzel, 69 Wash, 567; In re Frazee, 63 Mich. 396; Smith v. People, 51 Colo. 270; State v. Marble, 72 Ohio St. 21; People v. Pierson, 176 N. Y. 201.

WALKER, J.—This action is based upon an information filed in a police court of the city of St. Louis by the chief of police, charging the defendant with having violated an ordinance of that city (Sec. 625, Revised Code St. Louis 1914, p. 975). The gist of this ordinance is to penalize fortune-telling, or, in the somewhat verbose language of the information, "the pursuit or practice of the pretended art of telling and revealing information of a secret or hidden nature pertaining to the past or future of another's life." Upon a trial in the police court, the defendant was convicted and fined. He appealed from this judgment to the court of criminal correction, where, upon a trial *de novo*, he was again convicted and his fine assessed at three hundred dollars. From that judgment he appeals to this court, whose jurisdiction arises from the fact that the city of St. Louis is one of the parties to this proceeding.

It is unnecessary to burden this record with a recital of the testimony to show that the defendant violated the ordinance in that he attempted to answer inquiries propounded to him not based upon information derived from recognized sources, but in some occult or mysterious manner, for which he charged and was paid a fee.

The manner in which his conviction was brought about, although tolerated by the courts, does not comport

with what should be regarded as a wholesome administration of the law against offenders, whether the offense be a violation of a municipal ordinance or a criminal statute.

We are concerned, however, only with errors of procedure and not with the ethics of the proceeding.

I. We find no fault with the information of sufficient moment to authorize a reversal. Although several breaches of the ordinance are alleged, this defect was waived by the failure of the defendant to ask that the city be required to elect upon which breach it would rely. [St. Louis v. Grafeman Dairy Co., 190 Mo. 492.]

*Duplicitous Information.*

The technical precision required of an information or an indictment in the charging of a crime is not required in the drafting of an information for a violation of a city ordinance. [Gallatin v. Tarwater, 143 Mo. 40; St. Louis v. Weitzel, 130 Mo. 600.]

II. The ordinance, the validity of which is assailed, is not preserved in the bill of exception, although it was shown that it was introduced in evidence. Under such circumstances, where it sufficiently appears, as it does here, that the information charges the commission of an offense prohibited by a city ordinance, the validity of the latter will not be considered. [Plattsburg v. Smarr, 216 S. W. (Mo. App.) 538.]

*Validity of Ordinance.*

III. The distribution of cards by the appellant holding himself out as possessing supernatural powers constituted an admission that he was engaged in telling fortunes, and such cards are admissible in evidence as corroborative of the testimony that he told the fortune of the prosecuting witness. [Mayer v. State, 64 N. J. L. 323.]

*Admission.*

IV. In the absence of a showing of an abuse of discretion, a trial court may propound questions to a witness or suggest that counsel may do so. [State v. Wilson, 152 Mo. App. 61.]

*Propounding Questions.*

V. The freedom of religion is not abridged by prohibiting acts or practices inconsistent with the peace, good order or safety of the State. [Sec. 5, Art. 2, Const. Mo.; Reynolds v. United States, 98 U. S. 145; People v. Pierson, 176 N. Y. 201.]

Finding no error in the trial of this cause, the judgment of the trial court is affirmed. It is so ordered. All concur.