Leroy WEBB, Appellee,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.

No. 9835.

United States Court of Appeals
Fourth Circuit.

Argued April 6, 1965.

Decided May 6, 1965.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellant.

Jefferson B. Brown, Portsmouth, Virginia (Court-assigned counsel), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:

The respondent appeals from an order of the district court issued after a plenary hearing on a prayer for a writ of habeas corpus by Leroy Webb, the petitioner herein. The order directed that the prisoner be discharged, subject to his posting a bond to guarantee his appearance in the event the state elected to retry him for robbery, the crime for which he was originally tried and convicted on October 17, 1961.

The district court found and the state has conceded that the affidavit supporting the search warrant under which the prisoner's apartment was searched was patently invalid.[1] In the course of this search, the police seized a gun which was introduced in evidence at Webb's trial. The district court found that the gun was the only link in the evidence at Webb's original trial which connected him with the crime for which he was convicted.

At the time of the hearing on November 4, 1964, the prisoner had served more than three years of the thirty-year sentence which was imposed after his unconstitutional trial and conviction. At a state court habeas hearing, the prisoner had raised the unconstitutional search

---

1. The affidavit recited:
   "This day personally appeared before me, a Justice of the Peace for the said City [Portsmouth, Virginia], Det. C. R. Clark who made oath that he has probable cause to suspect that Parties unknown did unlawfully have Stolen Goods, to-wit: 732 2nd Ave., upstairs Apt. Left, and that he has probable cause to suspect by reason of information received from Reliable Information and that he has probable cause to suspect that the said articles mentioned above are concealed there from personal investigation and are concealed in 732 2nd Ave., upstairs Apt. Left and that he request that a Search Warrant be issued in accordance with this affidavit."
   The fatal defect in the affidavit is that it failed to identify the stolen goods which were allegedly concealed in Webb's apartment.

345 F.2d—33½

and seizure issue by alleging that the search of his apartment was conducted without a warrant. No transcript of the state court habeas hearing was available when the petitioner sought relief in the federal courts, and thus Judge Hoffman was unable to ascertain definitely from the petition and the attached exhibits on which issues Webb had exhausted his available state remedies, as required by 28 U.S.C.A. § 2254. Accordingly, he directed the state to make a written return to the petition in which it was to advise him, among other things, whether a state court had previously considered Webb's constitutional objections; in this return the state conceded that the prisoner had exhausted his state remedies "as to his allegation that his gun and ring were illegally seized." [2]

At a pretrial conference in the district court, counsel for the prisoner announced that he would attack the search warrant affidavit as unconstitutionally vague. The court treated this announcement by his attorney as an informal amendment of Webb's pro se habeas petition and offered to grant counsel for the state a continuance if he desired more time to meet this new issue, but counsel declined the opportunity, adamantly insisting that the petitioner be required to file another petition in the state court raising the invalid search and seizure on this additional ground. The district court declined to impose such an obligation upon one who had already been unconstitutionally imprisoned for an extended period; instead it ruled that the exception-

al circumstances which existed in this case justified it in exercising its discretion to discharge the prisoner without another journey through the state judicial system.[3] We hold that the court clearly acted within its discretion in taking the action it did. Frisbie v. Collins, 342 U.S. 519, 521–522, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Darr v. Burford, 339 U.S. 200, 210, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Thomas v. Cunningham, 335 F.2d 67, 70 (4 Cir. 1964).

We also find it extremely difficult to understand how the petitioner's court-appointed counsel at the state court habeas hearing could have presented properly the issue of the absence of a search warrant without having discovered and examined the fatally defective affidavit. Furthermore, the original trial took place only some four months after the widely heralded decision by the Supreme Court on June 19, 1961, in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. As the district court pointed out:

"A serious question is presented as to whether trial counsel and state habeas counsel effectively represented petitioner when no effort was made to locate the affidavit, especially where the gun seized at the apartment was the sole link connecting petitioner with the crime, and the decision in Mapp v. Ohio had received wide publicity over the four months preceding petitioner's trial." [4]

Here there is no question of the deliberate bypassing of state court proce-

2. We accept the state's contention that it intended this concession regarding exhaustion to be limited to Webb's charge that the authorities who searched his apartment had no warrant at all.

3. The basis for the district court's conclusion that "exceptional circumstances" existed in this case is stated in this sentence from its opinion: "In light of the concession made in argument [by counsel for the state] that a state court hearing would bring about the same result [discharge of the prisoner] we see no need of burdening the state court with a duplication of steps."

4. The district court also called attention to an aspect of the original appeal and the state court habeas hearing which raised additional questions about the adequacy of Webb's representation. This was the extensive number of alterations in the trial transcript, alterations which dealt with such things as what evidence was presented to the jury and whether the defendant was present at certain stages of the trial. Although these changes were agreed to by his counsel, they were made without Webb's knowledge. Our disposition of this case makes it unnecessary for us to decide the legal issue raised by these circumstances.

dures. The prisoner never saw the affidavit, but, as the district judge pointed out, he observed the principles of comity as best he could from confinement by alleging what he purportedly knew. The constitutional defect in the prisoner's trial is obvious, the facts are simple, and they are conceded by the state. It would be exceedingly harsh to punish the prisoner further for the incompetence or mistakes of his counsel. See Sokol, Handbook of Federal Habeas Corpus 57 and cases cited in note 176 (1965).

As Mr. Justice Brennan observed in Fay v. Noia, 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837 (1963), the writ of habeas corpus historically has been and should still be today "a swift and imperative remedy in all cases of illegal restraint or confinement." Without question the petitioner in this case has been illegally restrained, and the district court properly granted him his freedom.

The judgment of the district court is affirmed.

Affirmed.