**STATE of Missouri, Respondent,**

**v.**

**Freddie Lee GRANT, alias Freddie Lee King, Appellant.**

**No. 51097.**

Supreme Court of Missouri,

Division No. 2.

Sept. 13, 1965.

Motion for Rehearing or for Transfer to Court En Banc Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

Merle L. Silverstein, Rosenblum & Goldenhersh, Clayton, for appellant.

STORCKMAN, Judge.

The defendant was convicted of the offense of forcible rape on June 13, 1962. The court found the defendant had been convicted of four prior felonies pursuant to the Habitual Criminal Act and assessed the punishment at 99 years in the custody of the Department of Corrections. A timely motion for new trial was overruled by operation of law. No appeal was taken but a motion under S.Ct. Rule 27.26, V.A.M.R., to vacate the sentence and judgment was filed on August 27, 1963. This motion was heard, submitted, and overruled by the trial court on September 10, 1963, from which action the defendant in due course appealed to this court. The opinion of this court on the previous appeal is State v. Grant, Mo., 380 S.W.2d 799, to which reference is made for the grounds of the decision. For present purposes it is sufficient to say that the judgment and order overruling the motion to vacate was reversed and the cause remanded with directions to set aside that portion of the record purporting to show the imposition of sentence and rendition of judgment on June 13, 1962, and to grant the defendant allocution and, if no legal cause be shown, to sentence him and render final judgment.

Pursuant to the mandate of this court, the previous entry was set aside on September 22, 1964, the defendant was granted allocution and was sentenced to a term of 99 years in the custody of the Department of Corrections with credit for the time spent in prison since June 13, 1962. From this sentence and judgment the defendant has appealed. The case is before us on the original transcript of the record and the record of the supplemental proceedings on September 22, 1964.

The assignments of error on this appeal relate to the interrogation of the defendant by the trial court, a statement by the court alleged to constitute an improper oral instruction to the jury, the court's refusal to sustain a challenge to a prospective juror, and the court's failure to instruct the jury on the lesser offense of attempt to rape. In view of the questions presented, the facts need not be restated in their entirety. We adopt by reference the statement of facts made from the same transcript on the previous appeal. 380 S.W.2d at 800–801. Other pertinent facts will be mentioned in connection with the consideration of the issues presented.

The defendant's first contention is that the trial court erred in taking over the cross-examination of the defendant, in covering matters outside the scope of direct examination, and exhibiting a hostile attitude toward the defendant and an abiding

belief in his guilt. On direct examination the defendant denied that he went to Mrs. Burton's house and assaulted her but did testify that he was in the neighborhood at the time, that he "passed through there", and referred to his arrest. On cross-examination Mr. Hunter, the prosecuting attorney, interrogated the defendant without objection regarding his activities on the day in question and the following sequence occurred which includes the matters of which the defendant now complains:

"Q. [By Mr. Hunter] But you were in that vicinity at the time of this crime? A. They say I was.

Q. What do you say? A. I passed through there.

Q. You were found there. A. Wherever they found me.

Q. You were arrested there? A. I was arrested.

The Court: Were you running up a ditch bank there when you were arrested?

A. I wasn't running. I was shot at on the ditch dump.

The Court: What?

A. I was shot at on the ditch dump.

The Court: Who shot at you?

A. I don't know the officer but a police officer.

The Court: Why did he do that?

A. I don't know.

The Court: Did he tell you to stop?

A. He hasn't told me anything, or didn't tell me anything at that time.

The Court: But you were not running?

A. No, sir. I wasn't running. I was walking.

The Court: Did that officer tell to stop and to come to him?

A. Well, one made me cross the ditch and come to him.

The Court: Did he have a gun on you?

A. Yes, sir.

The Court: Is he the one that shot?

A. I don't know which one shot.

The Court: Were you hiding in that ditch when the Patrol car got—went by?

A. Was I hiding in the ditch?

The Court: Yes.

A. I wasn't hiding.

*　*　*　*　*　*

The Court: Had you ever seen that woman before?

A. Which one?

The Court: Mrs. Burton?

A. No sir. I haven't—not until that—they arrested me and taken me to a house and carried me to Sikeston to the City Jail for a line-up.

The Court: That's all."

One of the well-recognized powers of the judicial function is the right and duty of the trial judge to propound additional questions to witnesses in order to develop the truth more fully and to clarify the testimony given. State v. James, Mo., 321 S.W.2d 698, 704 [2]; City of St. Louis v. Hellscher, 295 Mo. 293, 242 S.W. 652, 653 [4]. In the absence of a showing that the trial judge's interrogation constituted an abuse of discretion and thereby deprived the defendant of a fair trial, prejudicial error has not been demonstrated. State v. Ross, Mo., 371 S.W.2d 224, 228 [6]; State v. Brotherton, Mo., 266 S.W.2d 712, 716–

717 [7]; Woodring v. United States, 8 Cir., 311 F.2d 417, 420 [1–2], cert. den. 373 U.S. 913, 83 S.Ct. 1304, 10 L.Ed.2d 414. The defendant cites and relies on State v. Jones, Mo., 197 S.W. 156, and State v. James, Mo., 321 S.W.2d 698. The rules in these cases are in harmony with those above stated, but they were aggravated cases and are not controlling on the facts of the case before us.

■ The defendant contends the conduct and attitude of the trial court was hostile and that the interrogation went beyond the scope of the direct examination in that it injected the subject of an officer pointing his gun and firing a shot and whether the defendant was hiding in the drainage ditch and walking or running. The interrogation set out above shows that the defendant voluntarily and not in response to any question stated that he "was shot at on the ditch dump." He doubtlessly sought an advantage in doing so and cannot complain that his uncalled-for statement provoked further questions on that subject. Defendant is mistaken in saying that there is no evidence that he was hiding in the ditch. The very fact that he was in the ditch rather than traveling in the open fields or on a highway justifies an inference that he was trying to conceal himself. Norman Copeland, a member of the State Highway Patrol, testified that he went to the area of the alleged crime about four miles southwest of Sikeston in New Madrid County and "spotted the subject going up the ditch", then lost sight of him so he went farther up the ditch to prevent the defend-from getting into the woods; when he started back he saw a deputy sheriff bringing the defendant out of the ditch. Deputy Sheriff O. E. Stinnett testified that when he arrived he saw the defendant "running up the ditch". The deputy drove across the field toward the defendant and found that he had "gotten back in the ditch, and some weeds, and after I located him and I had him come across the ditch to me." The evidence was clearly sufficient to justify the inference that the defendant was run-

ning and hiding. In his direct examination he referred to the time of his arrest and also testified that he did not go to the Burton home and assault Mrs. Burton. In these circumstances we cannot say that the cross-examination was outside the scope of the direct examination. Before the trial court began its interrogation, the defendant had given some evasive and provocative answers and the court was justified in taking up the examination in order to get more direct and responsive answers. The record considered as a whole does not bespeak hostility or unfairness on the part of the court and we find that the court did not exceed permissible bounds in cross-examining the defendant and did not deny him the right to a fair and impartial trial. See State v. Brotherton, Mo., 266 S.W.2d 712, 716–717 [7]; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 769 [9]; and State v. Tally, Mo., 22 S.W.2d 787, 789 [7–8]. The assignment of error is denied.

Following the reading of the instructions and prior to argument by counsel, the court stated: "Gentlemen of the Jury, this being a criminal case your verdict will have to be [unanimous]—a [unanimous] verdict. In a civil case nine, ten or eleven men may reach a verdict but in a criminal case it must be [unanimous]. You elect one of your number as foreman and when you have reached a verdict only the foreman need sign it. *This is brought under the Section of Law that if you find the defendant guilty, I will—the Court will assess the defendant's punishment, and all your decision is this afternoon, is whether the defendant is guilty.* Mr. Hunter you may proceed with your closing argument." Following the closing argument and before the jury retired to deliberate, the court further stated: "Gentlemen of the Jury, may I repeat, your verdict must be [unanimous], and *the only thing for your decision here is whether the defendant is guilty.* Mr. Sheriff will you take the jury to the jury room."

■ The defendant now urges that the italicized portions of these two statements

constitute prohibited oral instructions to the jury. He cites Supreme Court Rules 26.02 (6), 26.09 and 27.20(c), and § 546.380, RSMo 1959, V.A.M.S. A direction by the court that a verdict must be unanimous ·in a criminal case is ·ordinarily and more properly given in written form, but an oral direction is not erroneous since it is not a part of the law of the case required to be in writing and it does not constitute an improper comment on the evidence or a charge as to a matter of fact. State v. Hale, Mo., 371 S.W.2d 249, 257–258 [22, 23].

■ The written instructions were adequate. In substance they informed the jury that if they believed beyond a reasonable doubt that the rape had been committed they would find the defendant guilty, and unless they found the facts so to be beyond a reasonable doubt they would find the defendant not guilty and so state in their verdict. The jury was also instructed on presumption of innocence and burden of proof. The remarks of the court were largely precautionary and literally true; that is, whether the defendant had been proved guilty beyond a reasonable doubt. The jury must have understood that their sole function was to determine whether the defendant was guilty or innocent. The statements complained of are not oral instructions within the meaning of the supreme court rules and the state statute and could not have misled or improperly influenced the jury. State v. Thost, Mo., 328 S.W.2d 36, 40 [13]; State v. Moore, Mo., 303 S.W.2d 60, 68 [9, 10]; State v. Baker, Mo., 293 S.W.2d 900, 905 [4]; State v. Stidham, Mo., 258 S.W.2d 620, 623 [11]. Since prejudicial error has not been shown the contention is denied.

The defendant's next contention is that the trial court erred in failing to sustain his challenge of a prospective juror. The prospective juror had known the prosecuting attorney all his life and the prosecutor represented the prospective juror "in any legal matters [he] might have". In response to further interrogation, the prospective juror stated that his relationship with the prosecutor would not affect his decision in the case and that he would not be embarrassed to sit as a juror if he felt under the law and the evidence the defendant was entitled to a verdict. The prospective juror was not one of those selected for the jury, but the record does not show by whom he was stricken. This fact might be sufficient to dispose of the point but we will not put it on that ground. The defendant concedes that the ruling was discretionary but contends that the trial court manifestly and flagrantly abused its discretion.

■ In the absence of a statute specifically so providing, a venireman is not absolutely disqualified because he is a client of the attorney for one of the parties. Johnson v. Missouri-Kansas-Texas R. Co., Mo., 374 S.W.2d 1, 2–3 [5]. The effect of the attorney-client relationship upon the prospective juror was fully developed and satisfactorily determined. The trial court did not abuse its discretion in denying the challenge for cause. State v. Camper, Mo., 353 S.W.2d 676, 678 [4]; Johnson v. Missouri-Kansas-Texas R. Co., Mo., 374 S.W. 2d 1, 3 [5]; Paige v. Missouri Pacific. R. Co., Mo., 323 S.W.2d 753, 765 [16, 17].

■ The defendant's final assignment is that the trial court erred in failing to instruct the jury as to the lesser offense of assault with intent to rape. Mrs. Burton, the prosecuting witness, testified unequivocally that the defendant invaded her home while she was alone with a small child and forcibly and without her consent had sexual intercourse with her. All elements of the offense including penetration were proved. The defendant denied the assault in its entirety and testified that he had never seen Mrs. Burton until he was taken before her for identification after his arrest. The defendant was either guilty of forcible rape or nothing. Since there was substantial evidence that the offense of forcible rape had been committed, the court was not authorized to instruct on assault

with intent to commit rape. Section 556.-160, RSMo 1959, V.A.M.S., State v. King, 342 Mo. 975, 119 S.W.2d 277, 284 [13]; State v. Adams, Mo., 380 S.W.2d 362, 370 [18].

We have considered all assignments of error and find them to be without merit. The defendant was present and represented by counsel of his own choice throughout the trial including his allocution and sentencing. We have also examined the parts of the record and the entries designated in Criminal Rules 28.02 and 28.08, V.A.M.R., and find them to be proper in form and free from error.

The judgment is affirmed.

All of the Judges concur.