STATE of Missouri, Respondent,

v.

Raymond MERRIDITH, Appellant.

No. 53359.

Supreme Court of Missouri, Division No. 1.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Maxim N. Bach, Asst. Atty. Gen., Jefferson City, for respondent.

Shaw, Hanks & Bornschein, by Charles M. Shaw, Clayton, for appellant.

SEILER, Judge.

Defendant was convicted by a jury of first degree robbery and having also been tried under § 556.280, RSMo 1959, V.A.M. S., the Second Offender Act, was sentenced by the court to seven years' imprisonment. Defendant appeals.

This case was tried on June 12 and 13, 1967, and defendant's first point is that

the court committed prejudicial error in permitting the victim and two other witnesses to identify defendant in court without first determining that the in-court identifications were not tainted by the witnesses having identified defendant at two police lineups where defendant was without counsel, citing United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, all decided June 12, 1967. The difficulty with this contention is that Stovall v. Denno, supra, 388 U.S. 1. c. 296, 87 S.Ct. 1. c. 1969, specifically holds that the Wade and Gilbert cases " * * * affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date. * * * " The police lineups challenged in the present case on the basis of Wade and Gilbert took place in July and September 1966. Defendant's contention in this regard is therefore overruled and he makes no attack on the identification other than on the basis of Wade and Gilbert, supra.

■ Defendant's other contention is that the court committed prejudicial error in permitting the state systematically to exclude Negroes from the jury, citing Whitus v. State of Georgia, 385 U.S. 545, 552, 87 S.Ct. 643, 647, 17 L.Ed.2d 599 and § 498.110, RSMo 1959, V.A.M.S., and arguing that under the statute, " * * * the opportunity for discrimination is present and it cannot be said on the record here that it was not resorted to by the commissioners. * * * " However, in the Whitus case, it was shown that the jury commissioners made up the jury list in part from a tax digest which had been prepared from white tax return sheets for white taxpayers and yellow for Negro taxpayers. It was also shown that the percentage of Negroes on the tax digest was 27.1%, but only 7.-8% on the petit jury venire. The court held the proof constituted a prima facie case of purposeful discrimination. But in the case before us, defendant overlooks the fact that the burden to establish discrimination is on the defendant, Whitus v. State of Georgia, supra, 385 U.S. 1. c. 550, 87 S.Ct. 643; State v. Amerison (Mo.Sup.) 399 S.W.2d 53, 56. There is nothing in the record to show how the jury panel in the present case was selected other than the fact that the trial was held in the circuit court of the City of St. Louis. There is no semblance of any showing here of any systematic or intentional exclusion of Negroes from the jury and this contention is overruled.

■ In examining those parts of the record required under Rule 28.02 V.A.M.R., we find no error respecting the sufficiency of the indictment or the verdict, but as to the judgment and sentencing we find the following error: The verdict was returned June 13, 1967. Thereupon the court informed defendant of the verdict and, without allocution, sentenced him to seven years in the Department of Corrections, jail time allowed. After the sentencing and still on the same day, June 13, 1967, the court granted defendant 30 additional days in which to file a motion for a new trial, which motion was filed June 22, 1967, and overruled by passage of the 90 days on September 20, 1967. On this last date there was no resentencing, nor was there any thereafter.

■ As stated in State v. Allen (Mo. Sup.) 429 S.W.2d 697, 699, "The entry of a judgment and sentence immediately after a verdict is most irregular, unless defendant expressly waives his right to file a motion for a new trial. * * * " Therefore, while we find no error on the merits and affirm the case thereon, the judgment must be reversed with directions to the trial court to have defendant brought before the court, to grant him allocution, and thereupon, if no legal cause be shown, to pronounce sentence upon him in accordance with the verdict and to render final judgment thereon.

All of the Judges concur.