STATE of Missouri,
Plaintiff-Respondent,

v.

Eddie Duke FLEMING,
Defendant-Appellant.

No. 39227.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 22, 1978.

Roy A. Walther, III, Crouppen, Walther, Zwibelman & Walsh, P. C., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant was convicted of stealing a motor vehicle and sentenced by the trial court to eight years imprisonment. His sole point on appeal is that the trial court erred in instructing the jury that a reasonable doubt could be equated with a substantial doubt touching the defendant's guilt. Judgment affirmed.

Defendant does not challenge the sufficiency of the evidence and for good reason.

From the evidence a jury could reasonably find that two police officers accosted defendant while he was sitting behind the wheel of a partially stripped 1971 Plymouth station wagon. The officers ran a routine check on the license number and discovered that the car had been reported stolen earlier that same day. Based on that information the officers arrested defendant, informed him of his constitutional rights and took him to the precinct station. Shortly after his arrival at the police station defendant confessed to stealing the car. Defendant's defense was that he was a heroin addict and was only stripping the car to get money for a fix.

Defendant was precluded from appealing his conviction in the first instance, because his attorney failed to file a timely notice of appeal. Defendant's request for vacation of sentence by means of a 27.26 motion was granted on April 29, 1977, and he was resentenced at that time with credit given for the time already served. Motion for appeal was thereafter timely filed and the case has arrived before us for our consideration without further detour.

The portion of the instruction upon which defendant bases his appeal reads as follows:

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt and not a mere possibility of defendant's innocence."

Defendant complains that the instruction deviates from MAI–CR 2.20, which became effective on January 1, 1974. At the time of defendant's trial, December 5 and 6, 1973, the instruction which was given had Supreme Court approval and was absolutely proper. *State v. Aikens*, 507 S.W.2d 386 (Mo.1974); *State v. Scott*, 491 S.W.2d 514 (Mo. banc 1973). The use of the challenged instruction at defendant's trial was not error.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.