**STATE of Missouri, Respondent,**

v.

**Donald ANDERSON, Appellant.**

**No. 40820.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied
Jan. 13, 1981.

Robert C. Babione, Public Defender, James W. Whitney, Jr., Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of two counts of robbery first degree and one count of armed criminal action. Under the Second Offender Act,[1] the court sentenced

---

1. The record reveals that defendant had two prior robbery convictions.

him to serve a term of 30 years for each charge, these sentences to be served consecutively. Defendant's sole point on appeal is that "the trial court abused its discretion by taking into consideration the conduct of appellant's brother when it sentenced appellant to a total of 90 years in the Department of Corrections."

On the morning of December 31, 1977, two men entered the Austin Barber Shop located on North Union Street in the City of St. Louis. The two men waited a few minutes and then left. Several minutes later, the two men re–entered the shop, pulled out guns, and announced a holdup. The men forced four persons to go to the back of the shop and lie on the floor. The men took money and jewelry from the barbers and customers and money from the shop. Three of the victims identified a photograph of the defendant. Defendant was subsequently identified at a lineup by four of the victims.

Defendant's complaint on appeal finds its basis in comments made by the trial judge prior to the introduction of evidence and in comments made to the jury after its verdict. Defendant's attorney filed a motion to withdraw as counsel prior to trial. He alleged, among other things, that defendant had made several requests which the lawyer considered to be unethical. The court made the following statement out of the presence of the jury while discussing counsel's motion to withdraw.

> The court is aware there's been some extraneous things done in this case that would not be conducive to a person of normal intelligence, such as it's been brought to the court's attention that the defendant's brother is sitting in the courtroom and has attempted to pay off the witnesses *and it's been brought to the court's attention that the witnesses have received numerous threats on the lives* . . . . (emphasis added).

2. The court announced prior to the motion for new trial that it was going to sentence the defendant to three consecutive 30 year terms of imprisonment. At the time of the sentencing, the following occurred:

> THE COURT: Is there any legal reason why sentence shouldn't be imposed at this time?

After the jury rendered its verdict, the court made the following statements to the jury:

> THE COURT: Ladies of the jury, I might give you some degree of explanation. This man had previously been found guilty by the state court of robbery first degree with a gun, and I found so–found so, that he came under the Habitual Criminal Act. He had also had a prior robbery case.
>
> Was it a bank?
>
> MR. RAVETTA: Bank robbery.
>
> THE COURT: Bank robbery, in which he received 15 years. The day he left the Magdala House was the day he committed this offense that you have just found him guilty of, and, too–*each of the four witnesses that identified the man had been threatened with death.* So, this was a very, very serious case. (emphasis added).

We have examined the record and we can find nothing in it which leads us to believe that any of the alleged actions of defendant's brother were considered by the court in imposing sentence on defendant. The defendant did not object to the statements made by the court prior to the commencement of the trial. The court's statement to the jury that "each of the four witnesses that identified the man had been threatened with death" appears to us to be a reference to the threats made at the time of the robbery and not to the threats allegedly made by defendant's brother.

■ Even if we were to agree with the defendant's interpretation of these remarks, the record clearly shows the court based its sentences on the seriousness of the crime as well as the defendant's age, and prior convictions.[2]

> MR. WHITNEY: Your Honor, I know of no legal reason. I do bring up as a part of my motion for new trial that the fact that the assessment of 30 years on Count I, 30 years on Count II, and 30 years on Count III, that are to run consecutively, I feel is grossly out *of the relation to the facts and circumstances*

The defendant was charged with two counts of robbery first degree under § 560.-120, RSMo 1969 and § 560.135, RSMo Supp. 1975, and armed criminal action under § 559.225, RSMo Supp. 1976. Sentences of 30 years for each offense are within the maximum sentence provided in the respective statutes. As our Supreme Court stated in *State v. Cook*, 440 S.W.2d 461 (Mo.1969): "[T]here can be no complaint of excessive punishment when it is within limits imposed by law." *Id.* at 463.

■ We believe the record indicates that the court exercised its discretion in ordering the sentences to be served consecutively and we find no abuse. *See State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975). Furthermore, there is no contention here that the court was influenced by motives of prejudice or that its rulings were induced by corruption. *See State v. McRae*, 528 S.W.2d 794 (Mo.App.1975). Defendant's point is without merit.

■ Although not briefed, we are compelled to reverse defendant's conviction of armed criminal action. This action is mandated by *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*). In light of *Sours*, the conviction of armed criminal action violates the prohibition against double jeopardy.

The conviction and judgment is reversed outright with respect to Count III, armed criminal action. The conviction and judgment in Counts I and II robbery first degree, are affirmed.

DOWD, P. J., and CRIST, J., concur.

of this incident and to Mr. Anderson's background. Mr. Anderson, as the Court is well aware, has a prior–.

THE COURT: My recollection is he had a prior robbery conviction with a gun.

MR. WHITNEY: He has two prior robbery convictions; one state and one federal. This is a robbery where no one was hurt.

THE COURT: But there was a gun used in it.

MR. WHITNEY: I grant that. It's just the sentence of 90 years I feel amounts to an abuse of discretion.

THE COURT: I indicated to you that any time there is a robbery with a gun the person has to assume that any time the person re-sists that person is going to shoot them. I haven't changed since Day One.

MR. WHITNEY: I well (sic) aware of the Court's policy and I know the Court has been consistent in following that policy. It seems to me that the sentence in this case doesn't bear relationship to the facts.

THE COURT: See, the Department of Corrections can handle Mr. Anderson any way they please. I am just indicating to him that I considered that he was wrong as a matter of business, and that was the reason why I did so. And also, I considered, his age and prior involvements with the law.