**STATE of Missouri, Respondent,**

v.

**Joseph Edward REEDER, Appellant.**

**No. 53895.**

Supreme Court of Missouri,
Division No. 1.

Feb. 10, 1969.

**630** ◼

───◆───

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, Attorneys for respondent.

William Stix, St. Louis, for appellant.

HIGGINS, Commissioner.

Appeal from denial of Motion to Vacate Judgment and Sentence pursuant to Criminal Rule 27.26, V.A.M.R.

Appellant went to trial December 1, 1964, and on December 3, 1964, was convicted by a jury of robbery, first degree, by means of a dangerous and deadly weapon, Section 560.120, V.A.M.S., and of four previous felonies under Section 556.280, V.A.M.S. On January 29, 1965, he was sentenced by Judge Walsh to fifteen years' imprisonment and is confined in the Missouri State Penitentiary. The conviction was affirmed. State v. Reeder, Mo., 394 S.W.2d 355.

◼ The question is whether appellant was deprived of constitutional rights and prejudiced by identification procedures.

Appellant concedes, as he must, that the requirement of counsel when an accused is placed in a lineup, established by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, is not applicable to this case because it was tried prior to June 12, 1967, the effective date of the rule of United States v. Wade, supra. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. The more limited inquiry is whether appellant, although not entitled to the rule of United States v. Wade, supra, "is entitled to relief on his claim that in any event the confrontation * * * was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. * * * a recognized ground of attack upon a conviction independent of any right to counsel claim. Palmer v. Peyton, 359 F.2d 199 (C.A.4th Cir.1966)." Stovall v. Denno, supra, 388 U.S. l.c. 301, 87 S.Ct. 1967, 1972. This involves ascertainment of the "totality of circumstances." State v. Blevins, Mo., 421 S.W.2d 263, 267[2].

Appellant contends that his conviction violated his rights "in that he was directly identified by only a single witness (prosecuting witness Lehnhoff) whose testimony at the trial referred to and was materially shaped and influenced by his having (a) been shown a photograph of appellant by the police and (b) his having been shown a lineup of only four men, which included appellant and appellant's asserted confederate." He argues that this "suggested" the identification of appellant by witness Lehnhoff, and rendered that testimony and that of Detective Finnegan "improper and substantially violative of appellant's constitutional rights."

A brief statement of the totality of circumstances, including a view of this testimony in proper perspective, demonstrates this position to be without merit.

Norman Lehnhoff went to Jasper's Tavern on North Broadway in St. Louis in the afternoon of Saturday, May 30, 1964. He drank a beer and started a conversa-

tion with five people, one of whom was Bobby McGaha whom he knew as "Jerry." He was told that there was music at Jasper's on Saturday nights and that everyone had a good time. He went home after about forty-five minutes and returned around ten o'clock. Bobby McGaha (Jerry) introduced him to Joseph Reeder (Joe). Mr. Lehnhoff made in court identification of appellant as the man thus introduced to him by Jerry. They sat at a table, drank four beers, and danced some. Joseph Reeder, his girl friend, Bobby McGaha, and another person were in the group with Mr. Lehnhoff. They were together for about three hours. Around one o'clock a girl came to the door and asked for Reeder's girl friend and gave her a baby which she had been minding in a car parked nearby. The group decided to leave. It was raining and Mr. Lehnhoff offered to drive the group in his car to the place where his new friends' car was parked at the other end of the block. Mr. Lehnhoff drove the party in his car to the parked car. After they got out, McGaha got out, pulled a gun and commanded Mr. Lehnhoff to get out. Reeder was present and reached in Mr. Lehnhoff's pocket, got his wallet, and took the approximately $34 it contained. Reeder then reached into another of Mr. Lehnhoff's pockets and got $1.50 or $2.00 in silver. McGaha held the gun on Mr. Lehnhoff during the robbery. They then ordered him into his car and to leave. He went to Union Station, found some policemen, and went downtown to make a report of the robbery. About two weeks later a detective came to see him with a picture which the detective wanted him to look at and see if he knew the subject. He identified the picture as one of Joseph Reeder. A day or two later the police called Mr. Lehnhoff to Central District. He saw four men in a lineup and he selected Reeder and McGaha as the "ones that stuck me up." Detective Finnegan stated that Mr. Lehnhoff identified appellant from a picture. Appellant was arrested June 19, 1964, and trial began December 1, 1964.

These are simply not the circumstances of an identification produced by improper suggestion and influence. Witness Lehnhoff was able to identify a picture of Joseph Reeder as being that of one of his robbers, and he did thereafter select Reeder and his confederate, McGaha, from a four-man lineup, but this alone is not *per se* a violation of appellant's rights. "Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects of the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue (lineup confrontation) in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973 [18 L.Ed.2d 1199]." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247.

The overriding consideration in this case is the evidence of witness Lehnhoff's ability to identify Reeder from close association for more than three hours prior to the robbery. This image was followed within three weeks by a view of Reeder's picture and within a few more days of Reeder in a four-man lineup. The original association was followed within seven

months by the jury trial where in-court identification was made and subjected to cross-examination.

This "totality of circumstances" is not demonstrative of an unfair trial. State v. Keeney, Mo., 425 S.W.2d 85, 90[7]; State v. Hill, Mo., 419 S.W.2d 46, 48–49[5]; and cf. State v. Everly, Mo., 430 S.W.2d 156, 159[3].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.