**STATE of Missouri, Respondent,**

v.

**Frederick J. MARTIN, Appellant.**

**No. 55529.**

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Larry O. Denny, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Willard B. Bunch, Chief Defender, Paul T. Miller, Executive Director, Kansas City, of counsel.

STOCKARD, Commissioner.

Frederick J. Martin has appealed from the judgment entered pursuant to jury verdict wherein he was found guilty of robbery, first degree. The punishment was assessed at imprisonment for a term of five years.

The sufficiency of the evidence is not challenged. The only contention on this appeal is that the trial court erred in overruling appellant's motion to suppress evidence of the identification of appellant by Carolyn Goings because "the identification was based on a procedure which suggested to the witness that [appellant] was the assailant and the suggestion involved so tainted the identification as to cause any identification * * * to be in violation of the due process clause of the 14th Amendment, to the Constitution of the United States." Appellant cites and relies on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Prior to the trial on the merits, the court held an adversary hearing on appellant's motion to suppress all evidence of his identification by Carolyn Goings, and we shall set forth the testimony presented at that hearing.

On the morning of February 6, 1969, the Household Finance Company at 3935 Main Street in Kansas City was robbed by three young men. Following the robbery Miss Carolyn Goings, an employee, gave the police a description of the robbers. Later that day Miss Goings viewed some photographs, "a hundred or more," and she testified, "I think that I tentatively identified one," but she did not state that the photograph so identified was that of appellant. Whether a photograph of appellant was included in those viewed does not appear.

"A couple of weeks" later Miss Goings attended a lineup of four or five men, but she was not able to identify any of them as one of the robbers. There was no evidence that appellant was in that lineup, but the inference is that he was not because in connection with another motion appellant testified that although he was arrested on February 14, 1969, and placed in a lineup, he was released the next day and was not again apprehended until March 25. Therefore, at the time of the lineup which was viewed by Miss Goings, appellant would not have been in custody. Several weeks later the police showed Miss Goings some photographs of some guns and also five or six photographs of men, one of which was of appellant. She identified the photograph of appellant and stated that he was one of the robbers.

Miss Goings attended appellant's preliminary hearing, and while in the courtroom before the hearing a conversation took place between her and the assistant prosecuting attorney, apparently as the result of a question by Miss Goings as to whether appellant was in the courtroom, in which the prosecuting attorney stated, according to Miss Goings, that "the man accused of the crime would be sitting next to the prosecuting attorney," or "behind his attorney." According to the testimony of a representative of the Legal Aid and Defenders Society who was representing appellant, the prosecuting attorney told Miss Goings that "the accused would be sitting behind his counselor, right across the table from her." Miss Goings testified at the hearing on the motion to suppress that she had no doubt that appellant was one of the robbers, and that in making her identification she did not rely in any way on the comment by the prosecuting attorney.

The trial court overruled the motion to suppress any identification of appellant by Miss Goings as one of the robbers.

At the trial Miss Goings made an unequivocal in-court identification of appellant. It is interesting to note that one of the witnesses for the State was Reginald Taylor who testified that on February 6, 1969, he, another person whose name he had forgotten, and *appellant* had robbed the Household Finance Company at 3935 Main Street in Kansas City, and that after the robbery they went to the home of appellant's girl friend and divided the money. In his testimony he related the events that took place substantially in accord with the testimony of other witnesses.

Miss Goings did not identify the appellant at a lineup, so there is no issue pertaining to the composition of a lineup or the matter of conducting it. The viewing of photographs by a victim of a crime in an attempt to identify the perpetrator thereof has been expressly approved in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, subject only to the rule "that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Appellant argues only that since Miss Goings saw the appellant briefly on but two occasions (once when he came in the Finance Company office before the robbery and the second time during the robbery) that "it was quite natural for [her], some six weeks later, to identify the man in this select group [the five or six photographs] who most resembled her assailant." We note that there was no improper suggestion or comment made by the police officer to Miss Goings when he showed her the photographs. On cross-examination Miss Goings was questioned in detail concerning her ability to remember appellant, and she unquestionably established an untainted independent source of identification. The limitation in the Simmons case is directed to procedures which result in the identification being impermissibly suggestive, and there was no improper procedure followed in this case.

Appellant states in his brief that "No claim is made that the assistant prosecutor's statement alone was so suggestive as to

taint the identification" of appellant, and we agree. The argument presented is that the totality of the circumstances, that is, "the [photographs of the] guns being shown to the witness concomitantly with the five or six photos combined with the suggestion by the assistant prosecutor constitute a confrontation so unnecessarily suggestive and conducive to irreparable mistaken identification as to deprive the defendant of due process of law." Appellant cites no authority that such a set of circumstances as we have here fall within the limitation of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and we rule that it does not. See State v. Reeder, Mo., 436 S.W.2d 629.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.