STATE of Missouri, Plaintiff-Respondent,

v.

Eddie Joe CONLEY, Defendant-Appellant.

No. KCD 28063.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Motion for Rehearing and/or Transfer
Denied Aug. 2, 1976.

Application to Transfer Denied
Oct. 12, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Douglas N. Merritt, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., and PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

A jury convicted defendant of robbery in the first degree in violation of Section 560.120 RSMo 1969, and the court, in accordance with the verdict, sentenced him to ten years in prison.

Defendant assigns error in the overruling of his motion to suppress pre-trial identification testimony of two witnesses, and error in the refusal of the trial court to sustain a motion to quash the jury panel on the ground of a claimed systematic exclusion of females. The judgment is affirmed.

The robbery was perpetrated by four black men at a drive-in restaurant in Kansas City, Missouri in November of 1974. It was accomplished in daylight hours, and no disguises or masks were utilized by the robbers. The witnesses whose identification testimony is challenged were waitresses at the drive-in, one of them being a cashier at the register which the defendant emptied. This witness had a clear view of the defendant's face throughout the robbery which lasted from five to seven minutes and was able to provide the police with a description. This witness and the other employee witness examined many photographs and attended a number of lineups during the period of approximately two months following the event and finally identified one Chester Words as a part of the group who performed the robbery. After that identification of Chester Words, a photograph of the defendant was exhibited to the witnesses. They made a tentative identification, but indicated they would prefer seeing the individual in a lineup. Subsequently, they were independently shown a lineup containing the defendant, at which time they both made positive identification of the defendant. At trial both positively identified the defendant as a participant in the robbery.

What has been recited thur far constitutes the only evidence that was presented on the motion to suppress. At trial, these witnesses further testified on cross examination by defendant's counsel that they had been told by the police that Chester Words had implicated the defendant in the crime. One of the witnesses said that it was only after her tentative photographic identification; the other witness testified that the police statement occurred after the positive lineup identification.

The defendant's first claim of error is that the trial court erred in overruling the motion to suppress the identification testimony. Upon the basis of the point, it is totally without merit because the only colorable contention of improper suggestion, the police officer's statements to the eyewitnesses, was not developed on the evidence taken on the motion to suppress. It entered the case only during the trial in chief when it was developed by the defendant on cross examination of the eyewitnesses. Defendant did preserve the issue of the court's failure to strike the testimony of the witnesses in his motion for new trial. However, even if the argument portion of the brief which refers to the statements made by the police officers is considered as fleshing out the point sufficiently to raise that issue on appeal, it is without merit.

Defendant concedes that a claim of improper and suggestive identification procedure must be evaluated in the light of the totality of surrounding circumstances. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In the circumstances of this case, considering the clear opportunity for identification afforded these eyewitnesses—the lack of disguises, the obvious sincerity of the eyewitnesses in insisting upon a personal view of the subject after a tentative identification by photograph and the uncertainty as to when the police statements were made—all considered together indicate no improper or suggestive identification exists in this case.

■ Initial identification by photograph followed by lineup identification is not a per se violation of a defendant's constitutional rights, *State v. Reeder,* 436 S.W.2d 629 (Mo.1969); and certainly will not require suppression of eyewitness identification where grounds independent of the photograph are shown. *State v. Parker,* 458 S.W.2d 241 (Mo.1970).

■ Defendant's second point assigns as error the trial court's failure to grant his motion to quash the jury venire because of the systematic exclusion of females from the jury panel. The point is ruled against defendant for the reason that he did not sustain his burden of proof in showing that a jury is not composed of a fair cross section of the community. *State v. Amerison,* 399 S.W.2d 53 (Mo.1966). Here, there was a mere oral assertion with no offer of proof; and that is a patently insufficient basis for his claim. *State v. Kelly,* 506 S.W.2d 61 (Mo.App.1974); *State v. Davis,* 462 S.W.2d 798 (Mo.1971); *State v. Mooring,* 445 S.W.2d 303 (Mo.1969); *State v. Merridith,* 433 S.W.2d 578 (Mo.1968); *State v. Dowe,* 432 S.W.2d 272 (Mo.1968).

The judgment of the trial court is affirmed.

All concur.