STATE of Missouri, Respondent,

v.

Danny R. McINTOSH, Appellant.

No. KCD 28225.

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

By information defendant was charged with robbery in the first degree by means of a dangerous and deadly weapon. He was tried by a jury and convicted. Pursuant to Rule 27.04 the court reduced the fifteen year sentence assessed by the jury to a term of seven years imprisonment. Defendant timely appeals, claiming that the trial court erred in overruling his motion to suppress pretrial and in-court identification by one witness. We affirm.

A brief summary of the facts is sufficient since defendant does not question the adequacy of the evidence to sustain his conviction. Ray's Over 21 Bookstore located in Kansas City, Missouri, was robbed on December 30, 1974, during daylight hours by two black men. Mildred White, the witness whose identification testimony is challenged, was working at the counter of the bookstore when the robbery occurred. White initially observed the robber subsequently identified as the defendant face to face at a distance of eight to ten feet. Then, with a gun in his left hand, the robber grabbed White and told her to lie on the floor. She observed the robbers standing by the cash register while she was lying on the floor. Following the robbery between $140 and $160 was missing from the cash drawer.

White provided the police with a detailed description of the appearance and clothing of both robbers. During the next seven weeks the police showed her at least two sets of photographs. From one of the sets of photographs, White tentatively selected defendant's picture, cautioning the police that she would have to see him in person to make a positive identification. Approximately two months after the robbery she positively identified defendant as one of the

robbers when she viewed a lineup composed of four black males of similar age and physical appearance.

At one point during these identification procedures, the police suggested to White that Dennis Burns was one of the robbers. White could not positively identify Burns either by photograph or lineup. The police never made any suggestions to her concerning defendant. At trial, White positively identified defendant as one of the robbers. The trial court overruled defendant's motion to suppress. Defendant's claim of error was preserved for appellate review and specifically attacks the above photographic identification procedures as constitutionally impermissible and unduly suggestive.

■ The cardinal requisite in any criminal trial is that the evidence show that defendant is the person who committed the offense. *State v. Murphy,* 508 S.W.2d 269, 274 (Mo.App.1974). Despite the hazards of initial identification by photograph, the United States Supreme Court refused to apply a per se exclusionary rule for identification which utilizes pictures. Rather, that court held that, ". . . convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

■ Each case must be decided on its own facts and the validity of the identification evaluated in the light of the totality of circumstances. Necessarily, consideration must be given to (1) the presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive courtroom identification. *State v. Ealey,* 515 S.W.2d 778, 779–780 (Mo.App.1974) and cases cited therein.

The issue of unduly suggestive identification procedures has been raised again and again in the Missouri appellant courts. Repeatedly, our courts have held similar pro-

cedures permissible where an independent basis for identification is present; i.e., where the victim is able to view his assailant at the crime and is able to describe his appearance and clothing, the victim has an independent source and basis for identification of defendant and any taint by suggestion is effectively overcome by such independent basis. *State v. Mitchell,* 491 S.W.2d 292, 296 (Mo. banc 1973). Indeed, *State v. Conley,* 541 S.W.2d 4 (Mo.App.1976) presented the same issue on similar facts to this court. In *Conley,* four black men robbed a drive-in restaurant in daylight hours without using disguises or masks. The cashier had a clear view of defendant's face for approximately five minutes. She examined many photographs and attended many lineups and after two months identified defendant as one of the robbers. Additionally, the evidence suggested that the police may have told the witness either after photographic identification or after lineup identification that defendant had been implicated. Nevertheless, this court held that the totality of circumstances did not present a substantial likelihood of irreparable misidentification.

The evidence in the instant case shows that the witness had ample opportunity to observe the defendant face to face at a close distance and provided the police with detailed descriptions of both robbers. White unequivocally identified the defendant at trial. Although there is evidence of police suggestivity as to Dennis Burns, there is no such evidence in regard to defendant. Rather, the very fact that White refused to be swayed by this police suggestivity illustrates her obvious sincerity in making any identification.

■ Consequently, it must be concluded that the identification procedure employed in this case was *not* impermissibly suggestive. Merely because the witness tentatively identified defendant from a set of photographs before she positively identified him in the lineup does not render the lineup suggestively impermissible. *State v. Reeder,* 436 S.W.2d 629, 631 (Mo.1969). The rule requiring exclusion of an in-court identifi-

cation simply does not apply where the witness's identification is independent of the photograph. *State v. Ealey, supra.*

To summarize, the identification procedures utilized in this case were valid because (1) the witness had an independent basis for identification of the defendant, (2) the record discloses an absence of any suggestive influence by others as to this defendant and (3) the witness made a positive courtroom identification of defendant. The trial court correctly overruled defendant's motion to suppress because defendant failed to show a totality of circumstances to support his claim of denial of due process on the ground that confrontation was unnecessarily suggestive and conducive to irreparable misidentification.

The judgment is affirmed.

All concur.