**STATE of Missouri, Respondent,**

v.

**Gary Dale KEY, Appellant.**

**No. KCD 29030.**

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by a jury of robbery, first degree. The questions are whether a mistrial should have been declared following testimony by a witness that defendant "had just gotten out of * * *"; and whether the jury venire should have been quashed because of systematic exclusion of women from jury service. Affirmed.

Appellant does not question the sufficiency of evidence to sustain his conviction. The record shows that on December 22, 1975, at about 2:30 a. m., Gary Dale Key, Harvey Williams, and Debra Bell drove in her automobile to Jerry Brazel's Standard Service Station in Independence, Missouri, and, while armed with a pistol, Key and Williams robbed the owner of some $300 in currency and credit card receipts by putting Clifford Cercy, an employee, in fear of im-

mediate injury to his person. §§ 560.120 and 560.135, RSMo 1969.

■ During defendant's cross-examination of State's witness Debra Bell, the following occurred:

"Q [by Mr. Sterling for defendant] After they arrested you, did the police make it clear to you, as far as they were concerned, Gary Key was one of the perpetrators of this robbery? A He just told me that Gary Key was, had just got out of—

"MR. STERLING: Objection. Stop right there. MR. DAKOPOLOS: Stop. MR. STERLING: May we approach the bench.

"(WHEREUPON, the following proceedings were had in the presence BUT OUTSIDE THE HEARING OF THE JURY.)

"MR. STERLING: I'm going to ask for a mistrial at this point. I think even though we stopped her at a certain point, our actions—the unresponsive answer was sufficient for the jury to create a suspicion that he has a prior record and therefore, I'm going to ask for a mistrial.

"THE COURT: Request denied. I didn't think she answered it. I don't know what the record shows but she stopped before she said anything.

"MR. STERLING: She said, and I'm sure the jury—'They told me that he had just gotten out.'

"MR. DAKOPOLOS: I believe that's all she said. He could have been getting out, anywhere.

"THE COURT: Request denied."

Appellant contends the court erred in its refusal to declare a mistrial asserting that Miss Bell's testimony constituted inadmissible proof of separate crimes by implication that defendant had just gotten out of jail for a prior crime.

■ The difficulty in this position is that Miss Bell's answer was incomplete and without meaning. It did not violate the rule against admission of evidence of separate and distinct crimes as in *State v. Lee*, 486 S.W.2d 412 (Mo.1972), and *State v. Holbert*, 416 S.W.2d 129 (Mo.1967); or brand defendant as a prior offender as in *State v. Martin*, 506 S.W.2d 473 (Mo.App.1974). Grant of a mistrial is reserved to those situations where no action short of a mistrial will avoid prejudice to a defendant's case. *State v. Johnson*, 504 S.W.2d 23 (Mo. 1973); *State v. Duncan*, 499 S.W.2d 476 (Mo.1973). No such prejudice may be ascribed to the incomplete answer of Miss Bell in its context in this case.

■ Appellant contends the court erred in its refusal to sustain his motion to strike the jury panel because of systematic exclusion of women from jury service and denial of his right to be tried by a jury representative of a cross-section of society. See *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Hernandez v. Texas*, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954).[1]

The difficulty here is that defendant failed to produce evidence to show that the method of selection of jurors resulted in a constitutionally deficient panel. *State v. Conley*, 541 S.W.2d 4, 6 (Mo.App.1976); *State v. Amerison*, 399 S.W.2d 53 (Mo.1966); *State v. Davis*, 462 S.W.2d 798 (Mo.1971); *State v. Ransburg*, 466 S.W.2d 691, 693 (Mo. 1971); *State v. Blankenship*, 536 S.W.2d 520, 522 (Mo.App.1976). The court afforded defendant the opportunity to present empirical data or other evidence on the question, but no such evidence appears to have been presented to the trial court and none appears in the record. Appellant's brief purports to present relevant statistics but this court is limited to consideration of that which is presented by the record made in the trial court. *State v. Johnson*, 286 S.W.2d 787, 796 (Mo.1956); *State v. Andrade*, 534 S.W.2d 595, 597 (Mo.App.1976).

Judgment affirmed.

All concur.

---

1. The Supreme Court has considered the effect of these cases on the Missouri jury selection process under Article I, Section 22(b), Missouri Constitution, and its implementing statute, Section 494.031(2), RSMo Supp.1975, and determined that Missouri provides a facially valid jury selection system. *State v. Duren*, 556 S.W.2d 11, Mo. banc, 9/27/77.