STATE of Missouri, Respondent,

v.

Donna Lynn STORLL, Appellant.

No. 55147.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.
Rehearing Denied April 18, 1989.

Terry J. Flanagan, St. Louis, for appellant.

George R. "Buzz" Westfall, Pros. Atty., Michael J. Smith, Asst. Circuit Atty., St. Louis, for respondent.

KAROHL, Judge.

Defendant was court tried, found guilty and sentenced on the charge of stealing, a class "A" misdemeanor. Section 570.030.1 RSMo 1986. Defendant elected to file a motion for new trial. In the motion she alleged three grounds, two of which constitute the points on appeal. Briefly, defendant claims: (1) the state failed to offer evidence from which the court could find

defendant guilty of shoplifting; and, (2) there was no in-court identification testimony that she was the person who committed the charged crime.

■ We reject defendant's claim that the evidence failed to show defendant was the person who committed the charged crime. There is no debate the state has the burden of proof of this fact. *State v. Simmons*, 760 S.W.2d 521, 523 (Mo.App.1988); *State v. McIntosh*, 546 S.W.2d 756, 758 (Mo.App. 1977). An "in-court" identification, however, is not always required. Our Supreme Court so held in *State v. Lingar*, 726 S.W. 2d 728, 732–33 (Mo. banc) *cert. denied*, — U.S. ——, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). *Lingar* disposed of the same contention made by defendant in this appeal. Defendant accurately claims that no one was asked to make an in-court identification. However, when a defendant is indirectly identified through witness testimony, an in-court identification may not be required. *Id.*

Here, the state's sole witness, a security guard for Famous Barr, testified:

I saw the Defendant walk in. She was carrying a plastic bag, a lightweight plastic bag, under her arm.

\* \* \* \* \* \*

She entered the fitting room stall.

\* \* \* \* \* \*

I entered the fitting room stall next to her.

\* \* \* \* \* \*

I could watch her reflection in the mirrors, which are angles in the fitting room, and I could see her actions.

\* \* \* \* \* \*

She took merchandise off the hangers, tried a few of the items on, removed some of the tags, ... she put them into a plastic Stewart's [sic] bag.

\* \* \* \* \* \*

[S]he left the fitting room and exited the department.... She exited and went onto the main isle [sic] and walked out the mall entrance....

The security guard testified she then stopped defendant, took defendant to the security office and:

I began taking down the proper information and, you know, had a conversation *with Ms. Storll.* (Our emphasis).

The witness identified defendant, without an express question and direct answer.

In addition, defendant offered testimony of a defense witness who identified defendant as a customer who purchased similar items as those allegedly stolen. The defense was purchase rather than theft. It is premised on agreement defendant was the customer charged with the crime. Accordingly, the state's case was based on the testimony of a single eye witness who saw the events which constituted the elements of the charge and dealt directly and personally with the defendant. The defense was wholly unrelated to a failure of ability to identify or a misidentification and was supported by testimony that defendant purchased, did not steal, the items found in her shopping bag. On these facts the holding in *State v. Lingar*, 726 S.W.2d at 732–33 is conclusive. Point denied.

■ Defendant's second claim is the court erred in not granting a new trial because the state convicted defendant "upon the receipt of circumstantial and insufficient evidence." This claim fails because the testimony of the security guard was direct evidence of all the elements of the charged crime. Credibility was for the trial court. In summary, the witness testified she saw defendant: (1) collect seven items of women's clothing from sale racks in the store; (2) take the clothes to a fitting room; and, (3) place the clothing in a shopping bag and leave the store without paying for the merchandise. In addition to this observation testimony, the security guard testified that during an interview defendant did not directly admit taking the merchandise but did offer rambling excuses, including a statement, "I'm sorry." The statements were additional direct evidence which supports the finding of fact of the trial court that defendant was guilty of the offense. The evidence, viewed in the light most favorable to the finding and

disregarding all contrary evidence and inferences, was sufficient to support the conviction. *See, State v. Hood,* 680 S.W.2d 420, 423 (Mo.App.1984).

We affirm.

CRANDALL, P.J., and CRIST, J., concur.