Humberto ZAMORA–TREVINO, Consul
General of Mexico and Next Friend of
D.A., Petitioner,

v.

Winston BARTON, Secretary of Social
and Rehabilitation Services,
Respondent,

and

State of Kansas, Intervening
Respondent.

Civ. A. No. 89–2460–S.

United States District Court,
D. Kansas.

Dec. 22, 1989.

Henri Watson, Kansas City, Mo., William E. Metcalf, Metcalf and Justus, Topeka, Kan., for petitioner.

Darrel E. Johnson, Sp. Pros. for State of Kan., White & Johnson, Elkhart, Kan., for intervening respondent.

Thomas C. Owens, Gen. Counsel, for respondent.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the parties' responses to the court's show cause order and the State of Kansas' motion to dismiss. On November 2, 1989, this court ordered petitioner to show cause why this court had proper jurisdiction to hear the pending petition.

Petitioner is the Consul General of Mexico having jurisdiction over the State of Kansas. Petitioner requests a writ of habeas corpus ordering the State of Kansas to turn over custody of a minor citizen of Mexico. The child illegally entered this country with her mother and two siblings. On December 17, 1987, the District Court of Morton County, Kansas issued an order placing the child in protective custody. Later, the state district court determined the child to be a child in need of care and placed the child in the custody of the Secretary of Social and Rehabilitative Services for the State of Kansas, the respondent in this case. The child's mother and two siblings have returned to Mexico.

In April of 1989, shortly after learning of the State of Kansas' custody of the child, petitioner filed a motion in the Morton County District Court requesting that he be given custody of the child. By Order of May 26, 1989, the court denied the motion. This Order was appealed to the Kansas Court of Appeals on June 22, 1989. On October 18, 1989, petitioner filed his petition for writ of habeas corpus in this court, claiming that under international law he is entitled to custody of the child. This petition request a writ ordering the State of Kansas to turn over custody of the Mexican citizen to petitioner, the Consul General of Mexico. On November 2, 1989, this court issued a show cause order, which ordered petitioner to show cause why this court has jurisdiction to grant the requested writ. On November 3, 1989, the Intervening Respondent filed a motion to dismiss this case.

*A. Jurisdiction.*

■ This case is wholly unlike the traditional child custody cases that federal courts have dealt with on habeas petitions in the past. This is not a case in which a parent is challenging the state court's custody order or termination of parental rights. This is a case brought by the Consul General of Mexico on behalf of one of his nationals challenging the state of Kansas' custody of a Mexican national. His authority to bring such action is provided for in Article VI of the Convention Between the United States and Mexico Regarding Consular Officers, August 12, 1942, 57 Stat. 800, Treaty Series 985 (en-

tered into force July 1, 1943) and is not in dispute. *See* Intervening Respondent's Reply Brief at p. 10.

It is true that the United States Supreme Court has refused to extend federal court jurisdiction to issue writs of habeas corpus in traditional challenges to state courts' child custody orders. *Lehman v. Lycoming County Children's Services,* 458 U.S. 502, 512, 102 S.Ct. 3231, 3237–38, 73 L.Ed.2d 928 (1982). Underlying the Court's holding is the notion that child custody matters are disputes in which the states have great interest. Thus, the Court believed that state courts should resolve these matters rather than federal courts. However, this court is firmly convinced that under the extraordinary and international circumstances of the present case, this court has jurisdiction to issue such writ, if warranted under section 2254. The protection of section 2254 provide relief only when the state's custody violates the Constitution, laws or treaties of the United States. *See Moore–Beidl v. Beaudoin,* 553 F.Supp. 404, 407 (N.D.N.Y.1981), *aff'd without opinion,* 697 F.2d 294 (2d Cir.1982).

The court finds that the child in the present case, the Mexican national on whose behalf petitioner acts is in custody as understood in section 2254. *See Nguyen Da Yen v. Kissinger,* 528 F.2d 1194, 1202 (9th Cir.1975); *see also Lehman,* 458 U.S. at 521–22, 102 S.Ct. at 3242–43 (Blackmun, J., dissenting).[1] The child is not at liberty to return to her home nation. Also, the court finds that petitioner has raised a good faith, nonfrivolous claim that necessitates the application and determination of international law. An issue of international law is a matter of federal law. *The Paquete Habana,* 175 U.S. 677, 700, 20 S.Ct. 290, 299, 44 L.Ed. 320 (1900). Therefore, a sufficient issue exist regarding whether respondent's custody of the child violates the laws of the United States (international law). Thus, the court finds that jurisdiction is vested in this court pursuant to 28 U.S.C. § 2254 to resolve this matter.

We are not jurisdictionally barred from hearing this exceptional custody case.

*B. Exhaustion of Remedies.*

■ Generally, a petitioner seeking habeas corpus relief should exhaust all available state remedies before challenging a state order in this court. Section 2254(b) states:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The determination of whether circumstances exist which warrant a deviation from the exhaustion requirement is a factual appraisal left to this court's discretion. *Frisbie v. Collins,* 342 U.S. 519, 521, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952).

■ The doctrine of exhaustion of remedies is not a jurisdictional requirement to this court's power to issue a writ of habeas corpus but is a consideration of comity. *See Walker v. Lockhart,* 763 F.2d 942 (8th Cir.1985), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986). Nonetheless, a petitioner seeking federal habeas corpus relief should first exhaust state remedies by giving state appellate courts a fair opportunity to rule on the claims presented in the federal petition. *Pitchess v. Davis,* 421 U.S. 482, 487, 95 S.Ct. 1748, 1751–52, 44 L.Ed.2d 317 (1975); *see also Conley v. White,* 470 F.Supp. 1, 4 (W.D.Mo.1979). The exhaustion doctrine seeks to afford state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary. *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). However, if a person is being wrongfully

---

1. The present case is unlike the *Lehman* case, a traditional parental challenge to a state's custody order. Here, the child's home nation is challenging a state's order preventing her return to Mexico.

detained and state courts are slow to act, immediate federal relief may be appropriate. *Parker v. Turner*, 626 F.2d 1, 10 n. 25 (6th Cir.1980).

 In the present matter, petitioner chose to initially proceed in state court for relief. In April of 1989, after learning of the state's custody of one of his nationals, petitioner moved in state court for custody of the child. The state district court ruled on that motion on May 26, 1989. That order is now pending on appeal before the Kansas Court of Appeals. The only delay so far in the appellate court's resolution of this matter has resulted from petitioner's request for extensions of time for filing briefs.

The court finds that since this matter has been initiated in the state court, the doctrine of exhaustion of remedies and the general principle of comity requires that the state appeals court be allowed the opportunity to pass on the issues raised in the present petition. If the state appellate court reverses the district court's order and holds that petitioner is entitled to custody of the child, then it would be unnecessary for this court to grant the requested writ. This court believes that the state appeals court must be allowed to rule on the matter pending before it prior to allowing petitioner to challenge the state district court's order in federal court. Moreover, there is no evidence that the state courts have been slow to act in dealing with this matter. Therefore, this court does not feel immediate federal habeas corpus relief is appropriate at this time. It may be appropriate for petitioner to seek such relief in the future, if the state appellate courts do not provide petitioner with the relief he alleges he is entitled to under federal law (international law).

### C. *Petitioner's Motion to Transfer.*

 In the event we rule to dismiss this case, petitioner moves, in the alternative, to have the case transferred to the United States Supreme Court pursuant to 28 U.S.C. § 1631. The United States Supreme Court has original, but not exclusive, jurisdiction over a case in which a consul of a foreign state is a party. 28 U.S.C. § 1251(b)(1). However, we do not feel that transfer to the Supreme Court is now appropriate in the present case. The grounds for jurisdiction before the Supreme Court is the same as the grounds for jurisdiction before this federal court. Our finding that petitioner must first exhaust available state remedies before seeking federal court relief forecloses jurisdiction before the United States Supreme Court. As stated above, the exhaustion doctrine precludes federal court relief at this time. Thus, the court will deny petitioner's motion to transfer this case to the United States Supreme Court.

IT IS BY THIS COURT THEREFORE ORDERED that intervening respondent's motion to dismiss is granted on the grounds that petitioner has failed to exhaust available state remedies.

IT IS FURTHER ORDERED that petitioner's motion to transfer this case to the United States Supreme Court is denied.