ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 30, 2010

The Honorable Edmund Kuempel
Chair, Committee on Licensing and
   Administrative Procedures
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0804

Re: Whether a particular activity constitutes an offense under chapter 47 of the Penal Code, which proscribes certain forms of gambling (RQ-0852-GA)

Dear Representative Kuempel:

You ask whether a certain activity that you describe "is considered 'gambling' within the scope of Texas law, including the Texas Constitution Article III, Section 47, Texas Penal Code [sections] 47.01–47.10, and Texas Occupations Code [chapters] 2001–2002."[1] You tell us the activity is a "modification of typical games played in office pools, such as squares games and bracket challenges, to be entirely for a charitable purpose." Request Letter at 1. You describe the activity as follows:

> The host will set up an independent 501(c)(3) to collect donations to charity. The host entity will either take no revenue from the total donation pool or only revenue sufficient to cover reasonable operational expenses associated with hosting the event in compliance with Internal Revenue Service rules for non-profit and charitable entities. The donations will be taken and distributed by means of a squares game. A squares game is generally understood to be a large grid where each square represents the predicted final score of a major sporting event, such as the Super Bowl. In purchasing a square, the purchaser will designate a charity, which must be a valid non-profit, charitable organization pursuant to the designations of the Internal Revenue Service. At the end of the event, whichever charity has the winning square will win the total money collected for the purchase of the squares. Should no one purchase the winning square, the funds will still go to charity in a method to be determined, but likely an equal division of funds between all potentially winning charities.

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

> Those people purchasing squares stand to have no gain from the contest, other than designating the charity to win the award. The purchasing system will not allow charities to purchase squares, nor would it allow the principals of charities to purchase squares. Therefore, the pool of donors and the pool of potential winners will be entirely bifurcated.

*Id.* at 1–2. We consider only the game activity as you describe it and limit this opinion accordingly. *See* Tex. Att'y Gen. Op. Nos. GA-0774 (2010) at 1, GA-0670 (2008) at 2, n.2, JC-0521 (2002) at 2, DM-42 (1991) at 1 (limiting analysis to issues discussed in the opinion request letter).

The Texas Constitution, article III, section 47, directs the Legislature to prohibit lotteries and gift enterprises. *See* TEX. CONST. art. III, § 47(a). The Texas Supreme Court has declared that section 47 was intended to condemn all other schemes, even though they are not lotteries, that involve the lottery principle of chance. *City of Wink v. Griffith Amusement Co.*, 100 S.W.2d 695, 701 (Tex. 1936). Article III, subsections 47(b), (d) & (e) provide limited exceptions from the general prohibition against gambling for charitable organizations to conduct bingo games and raffles and state operated lotteries. *See* TEX. CONST. art. III, § 47(b), (d)–(e).

Occupations Code chapters 2001 and 2002, adopted under the limited exceptions in article III, section 47, provide the exclusive means by which a charitable organization can secure donations through an activity that constitutes gambling. *See* TEX. OCC. CODE ANN. ch. 2001 (West 2004 & Supp. 2010) (Bingo Enabling Act), ch. 2002 (Charitable Raffle Enabling Act); *see also* TEX. CONST. art. III, § 47(b), (d); *cf.* Tex. Att'y Gen. Op. Nos. GA-0385 (2005) at 4 ("The fact that the conduct is for a charitable purpose is pertinent only to whether it may fall within one of the narrowly drawn defenses to chapter 47 gambling offenses."), JC-0482 (2002) at 4 (concluding in the context of the constitutional prohibition of lotteries that the characterization of the payment of money as a donation does not remove the element of consideration), JC-0480 (2002) at 1, 9 (stating that conduct not expressly authorized by either the Bingo Enabling Act or the Charitable Raffle Enabling Act would not fall within the defenses to gambling offenses in section 47.09, Penal Code). Because you affirmatively tell us that the squares game you describe is neither a raffle nor bingo encompassed by those two chapters, we analyze the game you describe under only chapter 47, Penal Code. Request Letter at 2 (stating that "this activity is neither a raffle nor bingo per" the Occupations Code).

In accordance with article III, section 47 of the Texas Constitution, the Legislature prohibits a variety of gambling-related activities through chapter 47 of the Penal Code. *See* TEX. CONST. art. III, § 47 ("The Legislature shall pass laws prohibiting lotteries and gift enterprises . . . ."); *Owens v. State*, 19 S.W.3d 480, 483 (Tex. App.—Amarillo 2000, no pet.) (recognizing Legislature's adoption of chapter 47 pursuant to article III, section 47). Within chapter 47, sections 47.02 and 47.03 are potentially applicable to the game you describe. Section 47.02 defines the offense of gambling and provides that a person commits the offense if the person "makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest[.]" TEX. PENAL CODE ANN. § 47.02(a)(1) (West 2003). Section 47.03 defines the offense of gambling promotion

and provides that "[a] person[2] commits an offense if he intentionally or knowingly . . . for gain, becomes a custodian of anything of value bet or offered to be bet." *Id.* § 47.03(a)(3) (footnote added).

Sections 47.02 and 47.03 both require that there be a bet. *See id.* §§ 47.02(a)(1), .03(a)(3) (West 2003). A bet is "an agreement to win or lose something of value solely or partially by chance." *Id.* § 47.01(1). We thus consider whether the game about which you ask involves a "bet." As you describe the activity, the participant pays an amount of money to the host entity to purchase a square. Though there may be an agreement between the host entity and the participant that involves something of value, i.e., the amount to purchase the square, the agreement does not involve the thing of value being won or lost solely or partially by chance. To the extent the participant can be said to have "lost" the amount of money paid to participate in the event, the loss is not determined by chance but instead is determined by the participant's decision to participate. Moreover, irrespective of any element of chance, as you describe the activity, the participant does not stand to win anything. Accordingly, we do not believe the activity involves a bet. Absent a bet, we cannot conclude that the activity you describe implicates sections 47.02 and 47.03 of the Penal Code.

---

[2]Under the Penal Code, the term "'[p]erson' means an individual, corporation, or association" and thus includes an entity such as a 501(c)(3) organization. TEX. PENAL CODE ANN. § 1.07(a)(38) (West Supp. 2010). The phrase "for gain" has been construed to include donations to a charity. *See State v. Amvets Post No. 80,* 541 S.W.2d 481, 483 (Tex. Civ. App.—Dallas 1976, no writ) ("Even if all the proceeds were contributed to charity, the game would still be an enterprise undertaken 'for gain.' A gain is no less a gain if it is contributed to charity."); Tex. Att'y Gen. Op. No. JC-0480 (2002) at 4 (defining phrase "for gain" to mean for "profit" or an "excess of receipts over expenditures" (citation omitted)); *see also* Tex. Att'y Gen. Op. No. GA-0385 (2005) at 2 (determining under section 47.03 that a nonprofit organization is "a person" who acts "for gain"). Under section 47.03, the 501(c)(3) host entity you describe is a person who acts for gain.

## S U M M A R Y

A participant paying an amount of money to purchase a square in the game activity you describe does not make a bet under chapter 47 of the Texas Penal Code. Absent a bet, we cannot conclude that the activity you describe implicates sections 47.02 and 47.03 of the Penal Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee